USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11-2-09

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
JACOB LIEBERMAN,                      :
                                      :
                Plaintiff,            :     09 Civ. 5274 (JSR)
                                      :
          -v-                         :     MEMORANDUM ORDER
                                      :
LAW SCHOOL ADMISSION COUNCIL, INC.,   :
                                      :
                Defendant.            :
------------------------------------- x
```

JED S. RAKOFF, U.S.D.J.

The plaintiff, Jacob Lieberman, brings this action seeking disability accommodations from the defendant, Law School Admission Council, Inc. ("LSAC"), relating to LSAC's administration of the Law School Admission Test ("LSAT"). Although LSAC denied plaintiff's initial request for disability accommodations, it eventually offered to provide him with all such accommodations for the September 2009 test administration. The parties never reached a formal settlement, but nonetheless plaintiff took the LSAT in September and was in fact given all requested accommodations for that test. Having achieved this favorable result, plaintiff now seeks attorney's fees and costs as a "prevailing party" under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12205.

As plaintiff concedes, a party is not "prevailing" for purposes of attorney's fee awards under the ADA unless there is a "material alteration of the legal relationship of the parties" that is "judicially sanctioned." Roberson v. Giuliani, 346 F.3d 75, 79 (2d Cir. 2003) (quoting Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 605 (2001)). Examples of

such judicially sanctioned changes include, but are not limited to, judgments on the merits or consent decrees. See <u>Pres. Coal. of Erie County v. Fed. Transit Admin.</u>, 356 F.3d 444, 451-52 (2d Cir. 2004). The Supreme Court, however, has expressly rejected the "catalyst" theory, under which a party would attain "prevailing" status simply because it "achieved the desired result because the lawsuit brought about a voluntary change in defendant's conduct." <u>Buckhannon</u>, 532 U.S. at 600.

Recognizing that some modicum of judicial involvement is necessary for an attorney's fees award, plaintiff seeks an order whereby the Court would retain jurisdiction to ensure that the requested accommodations are provided. However, now that plaintiff has taken the LSAT with requested accommodations, it is far from clear that there is live controversy over which the Court can exercise jurisdiction. To be sure, "[v]oluntary cessation of illegal conduct does not necessarily render the controversy moot," <u>N.Y. State NOW v. Terry</u>, 159 F.3d 86, 91-92 (2d Cir. 1998), but a plaintiff's interest in recovering attorney's fees is not itself sufficient to rescue a case from mootness, see <u>N.Y. State Fed. of Taxi Drivers, Inc. v. Westchester County Taxi & Limousine Comm.</u>, 272 F.3d 154, 159 (2d Cir. 2001). Plaintiff must show something more to keep this case alive, and he has failed to do so. In particular, his suggestion that he might want to re-take the LSAT sometime in the future is not the kind of ripe controversy that can sustain this litigation at this time, let alone provide the basis for "prevailing party" status.

Accordingly, the Court hereby denies plaintiff's motion for fees and costs and declines to enter plaintiff's proposed order to enforce reasonable accommodations.  Moreover, since it appears that no ripe dispute remains, the Clerk of the Court is directed to enter final judgment dismissing the case as moot.

SO ORDERED.

Dated: New York, NY
       November 2, 2009                    _____
                                           JED S. RAKOFF, U.S.D.J.